UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ENOM, INC.,

        Plaintiff,

    v.

DANIEL PHILBRICK, *et al.*,

        Defendants.

Case No. C08-1288RSL

ORDER GRANTING MOTION
AND TRANSFERRING CASE

## I. INTRODUCTION

This matter comes before the Court on a motion filed by defendants Daniel Philbrick and Dover Sports, Inc. d/b/a Philbrick's Sports (collectively, "Philbrick") to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(3) in favor of a first-filed and related case pending in the United States District Court for the District of New Hampshire, or in the alternative, to transfer this case to that court pursuant to 28 U.S.C. § 1404(a).

For the reasons set forth below, the Court grants defendants' motion and transfers this case.

## II. DISCUSSION

**A.    Background Facts.**

The background facts are not in dispute. eNom is an ICANN-accredited domain name

registrar whose principal place of business is Bellevue, Washington. It claims to be the second largest domain name registrar worldwide, and the largest registrar for resellers.

Since 1983, Mr. Philbrick, the president of Dover Sports, Inc., has operated Philbrick's Sports Center, a retail outlet selling sporting goods in Dover, New Hampshire. On July 17, 2007, Philbrick filed suit against eNom, Inc. ("eNom") in United States District Court for the District of New Hampshire (the "New Hampshire action"). Philbrick alleged violations of the Anticybersquatting Consumer Protection Act, the Lanham Act, New Hampshire's statutory unfair competition law, and New Hampshire common law based on eNom's alleged registration, use and trafficking in two domain names: philbricksports.com and philbricksports.net (the "original domain names"). Philbrick alleges that those domain names are identical to or confusingly similar to Philbrick's trademark, service mark and trade name.

The parties were engaged in active settlement negotiations until eNom's former counsel withdrew and eNom retained its present counsel in April 2008. As part of those negotiations, eNom registered 40 domain names with Philbrick's permission (the "Philbrick domain names").

In March 2008, while the parties were engaged in settlement negotiations, Philbrick learned that eNom had registered a third potentially infringing domain name: philbrickssports.net (the "third domain name"). The third domain name was not one of the Philbrick domain names. Philbrick promptly objected to the registration of the third domain name. In August 2008, Philbrick's counsel notified eNom's counsel that Philbrick planned to seek to amend its complaint to assert additional claims based on the registration of the third domain name. Shortly thereafter, on August 27, 2008, eNom filed a complaint in this district. eNom's complaint seeks a declaratory judgment that its registering, using and/or trafficking in the third domain name does not constitute cybersquatting, cyberpiracy, false designation or origin, statutory or common law unfair competition, false advertising, common law trademark and tradename infringement, or a violation of state law.

eNom has not contested forum or venue in the New Hampshire action. Nor has it sought

to have that action transferred to this district.[1]

The New Hampshire action was scheduled to begin trial on November 4, 2008. However, the trial date was continued and the court has not set a new trial date.

**B.      Analysis.**

As an initial matter, Philbrick has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), which governs dismissal for improper venue. However, Philbrick has not argued or shown that venue is improper in this district. Accordingly, the Court will not dismiss this action for improper venue.

Philbrick also argues that this case should be dismissed based on the first-to-file rule.

> There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. . . . Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action.

Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982). The court in the later-filed action can dismiss, stay, or transfer the later-filed suit. SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp.2d 1081, 1089 (S.D. Cal. 2002). The rule should not be applied mechanically, but it "should not be disregarded lightly" because of its goal of promoting efficiency. Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991). Exceptions to the rule are made where there is evidence of bad faith, anticipatory suit, or forum shopping. Id. at 628. There is no evidence of any of those factors in this case. Indeed, it appears that eNom is trying to manipulate the forum by quickly filing this action after learning that Philbrick intended to amend its complaint in the New Hampshire action.

Moreover, the New Hampshire action was filed fourteen months before this case.

---

[1] eNom drafted a motion to transfer the New Hampshire action to this district, arguing that Philbrick agreed to litigate in Washington as part of the settlement agreement. eNom never filed that motion, perhaps because it appears that the parties never finalized any settlement agreement.

ORDER GRANTING MOTION
AND TRANSFERRING CASE - 3

Nevertheless, eNom argues that this case should proceed concurrently because the two actions are not duplicative. "[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams v. Calif. Dept. of Health Servs., 487 F.3d 684, 689 (9th Cir. 2006) (citing The Haytian Republic, 154 U.S. 118, 124 (1894)). The parties are the same in both cases. Therefore, application of the first-to-file rule will turn on the similarity of the issues.

eNom argues that the New Hampshire action did not involve the third domain name. However, Philbrick has recently amended its complaint in that case to include allegations based on the third domain name.

eNom notes that in this case, unlike in the New Hampshire action, it is seeking a declaratory judgment that it has no contractual obligation to renew the Philbrick domain names. However, "the 'sameness' requirement does not mandate that the two actions be identical, but is satisfied if they are 'substantially similar.'" Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1102 (N.D. Cal. 2006) (internal citation and quotation omitted). Despite the additional claim in this case, the factual and legal issues in the two cases are overwhelmingly similar. Both cases involve liability under the ACPA, the Lanham Act, the New Hampshire Consumer Protection Act and New Hampshire common law. Both cases involve the legality of eNom's registration, use and trafficking of the third domain name. An adjudication of the parties' rights in one case would necessarily affect their rights in the other case. Moreover, substantially the same evidence will be presented in both actions. Both cases arise out of the same nucleus of operative facts, so simultaneous adjudication of both cases would waste judicial resources, multiply the proceedings, undermine judicial efficiency, and risk conflicting determinations of the parties' legal rights. All of these factors weigh heavily in favor of declining to exercise jurisdiction. Pacesetter Systems, Inc., 678 F.2d at 96.

eNom argues that Philbrick unduly delayed amending its complaint and that it will suffer prejudice if this action is dismissed, stayed, or transferred. However, the court in New

ORDER GRANTING MOTION
AND TRANSFERRING CASE - 4

Hampshire necessarily considered any claims of undue delay and potential prejudice prior to permitting Philbrick to amend its complaint. Although eNom contends that it filed this action to promptly adjudicate the issues in its complaint, it never moved to assert its claims in the New Hampshire action. Doing so would have been more expeditious than filing a second lawsuit in this district. Furthermore, the November 4, 2008 trial date has been stricken, so the parties have time to prepare for trial on all issues. For all of these reasons, the Court finds that the first to file rule applies in this case, and that declining jurisdiction is warranted. However, because this case involves one additional claim, the Court will not dismiss the complaint. Rather, it will transfer this case to the District of New Hampshire pursuant to the first to file rule.[2]

Moreover, the Court notes that even if it were not transferring this case based on the first to file rule, it would transfer the case pursuant to 28 U.S.C. § 1404(a). That statute permits a district court to transfer a civil action "for the convenience of the parties and witnesses [and] in the interest of justice . . . to any other district or division where it might have been brought." This action could have been filed in the United States District Court for the District of New Hampshire. The purpose of the statute is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26-27 (1960)). In this case, Philbrick suffered the alleged injury in New Hampshire. New Hampshire is Philbrick's chosen forum, and he filed suit long before eNom filed this action. Philbrick's witnesses are in New Hampshire, but eNom's are in this district. Both parties assert claims under New Hampshire state law. Finally, transferring this action will likely result in consolidation of the two cases, so the issues will be tried efficiency,

---

[2] A stay of this action is not appropriate. The New Hampshire action does not present a likelihood of dismissal. See, e.g., Alltrade, Inc., 946 F. 2d at 629 (explaining that later-filed cases should be stayed, rather than dismissed, when the first-filed case presents a likelihood of dismissal).

ORDER GRANTING MOTION
AND TRANSFERRING CASE - 5

expeditiously, and in a cost-effective manner. Therefore, the relevant factors weigh in favor of transferring this case to the United States District Court for the District of New Hampshire. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000) (identifying relevant factors).

## III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS Philbrick's motion (Dkt. #15) and TRANSFERS this case to the United States District Court for the District of New Hampshire.

DATED this 17th day of November, 2008.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
AND TRANSFERRING CASE - 6